UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

DWAYNE FELIX GINN                                                   CIVIL ACTION

VERSUS                                                                      NO. 19-12323

ANDREW SAUL,                                                        SECTION M (4)
COMMISSIONER OF THE SOCIAL
SECURITY ADMINISTRATION

# ORDER

Having considered the cross-motions for summary judgment,[1] the record, the applicable law, the magistrate judge's report and recommendation (the "R&R"),[2] and the plaintiff's objections to the R&R,[3] the Court hereby approves the R&R and adopts it as its opinion herein. In his objections, plaintiff repeats many of the arguments he made in his opening brief to the magistrate judge.[4] Those arguments were thoroughly considered by the magistrate judge.[5] In addition to the reiterated arguments, plaintiff argues that the R&R is erroneous because in it the magistrate judge held that the administrative law judge (the "ALJ") did not err in rejecting the check-list opinions of Dr. Jorge Cruz and Dr. Hugh King, his treating physicians. As explained by the magistrate judge, the check-lists, in which Drs. Cruz and King only briefly and conclusorily opined that plaintiff suffered from certain impairments, were not supported by contemporaneous medical examination notes, and thus the ALJ properly gave them little weight.[6] *See Heck v. Colvin*, 674 F. App'x 411, 415 (5th Cir. 2017) (holding that the ALJ properly declined to assign controlling

---

[1] R. Docs. 17 & 18.
[2] R. Doc. 19.
[3] R. Doc. 20.
[4] *Compare* R. Doc. 17 at 1-11, *with* R. Doc. 20-2 at 1-11.
[5] *See* R. Doc. 19.
[6] *Id.* at 8-18.

weight to a treating physician's responses to a mental impairment questionnaire when his answers were not supported by any accompanying diagnostic tests or specific clinical examination); *Perez v. Barnhart*, 415 F.3d 457, 466 (5th Cir. 2005) (holding that the ALJ is free to disregard the statements of a physician treating a physical condition when such statements are brief and conclusory, not supported by medically acceptable clinical laboratory diagnostic techniques, or otherwise unsupported by the evidence). Moreover, the evidence in this summary-judgment record shows that plaintiff's mental health conditions are well controlled with medication, *i.e.*, not disabling, and that there is no evidence that plaintiff's mental health issues were the cause of any non-compliance with treatment recommendations.[7] Finally, plaintiff argues that the magistrate judge erred by citing medical evidence not specifically referenced by the ALJ. This does not constitute error. The medical records cited by the magistrate judge were part of the administrative record before the ALJ, and the ALJ's opinion states that he considered the entire record.[8] Thus, the magistrate judge did not consider evidence not before the ALJ. *See Brillinger v. Colvin*, 2015 WL 5598968, at *9 (E.D. La. Sept. 22, 2015) (adopting R&R even though the magistrate judge referenced different medical evidence in the administrative record than did the ALJ, where the ALJ indicated he considered the entire record and plaintiff cited no authority to support her assertion that the magistrate judge should not have cited these records simply because they were not specifically cited in the ALJ's opinion).

Accordingly, for the foregoing reasons,

IT IS ORDERED that plaintiff's motion for summary judgment (R. Docs. 17) is DENIED, that defendant's motion for summary judgment (R. Doc. 18) is GRANTED, and that plaintiff's suit is DISMISSED WITH PREJUDICE.

---

[7] *Id.* at 22-24.
[8] *Id.* at 22 (citing R. Doc. 11-2, Tr. 15).

IT IS FURTHER ORDERED the ALJ's decision denying plaintiff's claim for benefits is AFFIRMED.

New Orleans, Louisiana, this 5th day of January, 2021.

                                                  _____
                                                  BARRY W. ASHE
                                                  UNITED STATES DISTRICT JUDGE